Spring Term
1839.

*Story*
vs
*Hawkins &c.*

CHANCERY.

## Story *against* Hawkins and Others.

[Mr. Lyle and Mr. Daviess for plaintiff: Messrs. Robinson & Johnson for defendants.]

### FROM THE CIRCUIT COURT FOR SCOTT COUNTY.

*April 12.*    Judge EWING delivered the Opinion of the Court.

A decree directing a sale of property, among other things, but in which a right to change or modify the decree at a subsequent term is reserved, must be deemed final as to the sale (which was to take place before the next term,) but within the power of the Court, and subject to be changed by agreement of the parties, as to all other matters, at any subsequent term.

WE are not clear that the Circuit Court was right in the construction which it gave to the deed of trust. But waiving this, the decree with the reservation on its face, to change or modify it at a subsequent term, can only be deemed final as to the order of sale. As to that, as it must take place before the succeeding term, it must be regarded as final. As to all the other matters directed, it was still in the power of the Court, as a suit depending, and subject to be altered or changed in all its features at the pleasure of the Court. As a case depending and in progress, it was competent for the parties, *"by their counsel"* to agree upon the terms of the decree, and division of the proceeds, and their agreement entered on record, is binding upon their clients.

An agreement of counsel, entered on record, is binding upon the parties.

The commissioner made sale of the trust property, settled the accounts, and estimated the amount to which

In pursuance of a decretal order in chancery, a commissioner made a sale of trust property, and adjusted the accounts among the parties to the suit, ascertaining what part of the proceeds they were respectively entitled to, and made his report to Court. And a decree was entered purporting to be made "by consent of all parties by their counsel, confirming the report, and settlement thereby made"—and followed by an order directing the commissioner to collect the proceeds of the sale, and distribute them: held that by *the consent,* all exceptions to the report, and, consequently, all right to set aside the sale were waived. And as the several orders are connected by the word *and,* the consent *may* be considered applicable to the whole; but if not, as the report must stand confirmed, it would be nugatory to annul the other parts of the decree.

Plea of a release of errors sustained by showing that the decree was made by consent.

each party was entitled, and made report to Court. Upon the coming in of which, a decree was rendered *by the consent* of all the parties, by their *counsel, confirming* the commissioner's report, and the *settlement thereby made,* and an order made, that the commissioner collect the proceeds of the sales, and distribute them according to the settlement and report. This decree, being rendered by consent, must stand. *Consensus tollet errorem.*

And we cannot perceive how it can stand, and the decree for a sale be set aside. If it stands, it concludes the whole controversy, and must be regarded as waiving or releasing any error which would tend to its impeachment or overthrow. And, though the words "by consent" are not repeated immediately *before* the decretal order, directing the commissioner to collect and distribute the proceeds, yet that order is connected, by the copulative conjunction *and,* to the previous part of the sentence, which was made *by consent,* and it might well be contended that the *consent* applied to and controlled the whole sentence, as well the subsequent, as prior parts. But if not, the latter part of the decretal order, followed, and was the necessary consequence of the previous part. It was necessary only to carry out that which had been decreed by consent.

It is, therefore, the opinion of the Court, that the plea of release or settlement put in by the defendant in error, be sustained, and the plaintiff be barred of his writ of error herein.